## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ALLIED WORLD INSURANCE          :
COMPANY, ALLIED WORLD           :          CIVIL CASE NUMBER:
SPECIALTY INSURANCE COMPANY,    :
ALLIED WORLD NATIONAL           :          3:21-cv-000058-VLB
COMPANY, UNITED STATES FIRE     :
INSURANCE CO.,                  :          February 23, 2022
    *Plaintiffs*;                   :
                                :
    v.                          :
                                :
JAMES KEATING,                  :
AMERICAN CONSTRUCTION           :
& INDUSTRIAL, LLC,              :
    *Defendants*.                   :

### ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION [DKT. 116] AND PLAINTIFF'S MOTION TO COMPEL [DKT. 113]

    **Before the Court is Defendants' Motion for Reconsideration of the Court's Order granting Plaintiffs' Motion to Compel. The discovery process has been bogged down in motion practice.  But discovery is now ending.  At the eleventh hour, Plaintiffs moved to compel documents that Defendant Keating states are subject to the attorney-client privilege and work product doctrine.  The Court granted the Motion to Compel, because of its exemplary showing of good cause. (*See* Dkt. 115 (Order)), after which Defendant Keating moved to reconsider.  The Court construes the Motion for Reconsideration to be an objection to the Motion to Compel inasmuch as it asserts reasons why the Motion to Compel should not have been granted.  After considering both parties' briefing, the Court GRANTS the Motion to Reconsider but nonetheless finds the documents should be produced.**

I.    **Background**

The five plaintiffs—Allied World Insurance Company ("AW Insurance"), Allied World Specialty Insurance Company ("AS Specialty"), Allied World National Assurance Company ("AW National") and United States Fire Insurance Company ("USFIC")—are various subsidiaries of Fairfax Financial Holdings Limited that provide insurance and reinsurance solutions (collectively, "Plaintiffs").   The individual defendant, James Keating, worked for Plaintiff AW National from 2014 through July 2019 as a surety claims handler after which he was transferred and performed the same work for Plaintiff USFIC until his termination on January 7, 2021.   Plaintiffs allege that Mr. Keating embezzled over $1 million by directing 51 fraudulent surety bond claim payments to his shell company, Defendant American Construction & Industrial, LLC ("American Construction").   This fraud scheme lasted for at least three years until Plaintiffs discovered the scheme and terminated Mr. Keating for cause.

Almost immediately after Mr. Keating's termination, Plaintiffs filed the instant action.  Plaintiffs bring allegations of fraud, statutory theft in violation of § 52-564 of the Connecticut General Statutes, breach of fiduciary duty, breach of contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment. (*See* Dkt. 1 (Compl.).)  Along with the complaint, Plaintiffs moved for a prejudgment remedy ("PJR") to put a lien on Mr. Keating's assets.  (*See* Dkt. 6 (Mot. PJR).)  The parties litigated the PJR issue from mid-January 2021 until they reached an agreement at end of March 2021.

On April 8, 2021, the Court issued a Scheduling Order establishing the deadlines requested by the parties in their Joint 26(f) Report.  (*See* Dkts. 48 (26(f)) & 49 (Scheduling Order).)  As requested, the Court ordered discovery to conclude by July 2, 2021.  A month before discovery closed, Plaintiffs moved to compel documents totaling 13 Exhibits, many of which they also moved to seal.  (*See* Dkts. 55-74 (Mot. Compel & Exs.).)  By the parties' consent, the Court referred this discovery motion to Magistrate Judge Thomas O. Farrish on July 15, 2021.  (*See* Dkt. 80 (Order).)  Discovery had technically closed at this point.

From July through November 2021, Magistrate Judge Farrish patiently and adeptly handled this highly contentious discovery motion and other related motions, issuing a total of seven orders adjudicating the disputes.  (*See* Dkts. 90-92, 94, 95, 107-108 (Orders on Mots. Compel and Seal).).  In the meantime, the Court issued a Final Amended Scheduling Order on October 26, 2021, resetting the discovery deadline to January 17, 2022.  (*See* Dkt. 103 (Final Am. Scheduling Order).)

Four days before the close of discovery, Plaintiffs moved to extend the discovery deadline from January 17 to February 2, 2022.  The reason: Plaintiffs needed only a few short weeks to depose Mr. Keating.  On January 14, the Court granted this reasonable request.  (*See* Dkt. 111 (Order).)

Later on January 14, Plaintiffs moved to compel nearly 900 pages of documents responsive to requests served in May 2021.  (*See* Dkt. 113 (Mot. Compel).)  In brief, Plaintiffs contend that discovery revealed Mr. Keating moonlighted with their competitor, Nationwide Mutual Insurance Company

3

("Nationwide").   They seek documents and communications between their competitor and former employee, which they argue will be evidence of Plaintiffs' fraud and breach of fiduciary duty claims.   Plaintiffs state that Defendant Keating failed to respond until October 13, 2021—four months after the response deadline expired.   This tardy response supposedly included first-time objections and a deficient privilege log.[1]  (*See* Dkt. 113-1 (Mot. Compel Mem. Law) at 5-6.)   Plaintiffs argue that Defendant Keating waived the objections and/or that he has not established attorney-client privilege or work product protection.

It is unclear to the Court why Plaintiffs waited so long to raise this discovery issue, particularly because the parties were contemporaneously litigating other discovery issues with Magistrate Judge Farrish.   In any event, the Court reviewed and granted the Plaintiff's Motion to Compel on January 17, 2022.   In response, Defendant Keating timely moved for reconsideration, arguing principally that counsel did not have the opportunity to respond.   Defendant Keating explained why the motion to compel should not have been granted and provided evidence of same.   After Plaintiffs opposed the Motion for Reconsideration, Defendant Keating did not file a Reply.   Accordingly, the Motion to Compel is now fully briefed.

## II.   Legal Standard on Motion for Reconsideration

In the Second Circuit, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other

---

[1] Plaintiffs state that Defendant Keating included objections, but these are nowhere to be found in Exhibit 2.  (*See* Dkt. 113-3 (Mot. Compel Ex. 2, Def.'s Responses).)

words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see* D. Conn. L. R. 7(c) (requiring the movant to file along with the motion for reconsideration "a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked").

There are three grounds for granting a motion for reconsideration: (1) "intervening change of controlling law"; (2) "the availability of new evidence"; or (3) a "need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Fed. Practice & Procedure*, § 4478 at 790). If the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion," reconsideration is appropriate. *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (per curium). However, a motion for reconsideration should be denied when the movant "seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *Patterson v. Bannish*, No. 3:10-cv-1481 (AWT), 2011 WL 2518749, at *1 (D. Conn. June 23, 2011) (same).

Because the Court did not consider Defendant Keating's arguments about why the documents Plaintiffs seek should not be produced, the Court grants the Motion for Reconsideration. The Court now considers the Motion to Compel.

III.    Reconsidering the Motion to Compel

The Motion to Compel concerns Plaintiffs' Requests 32 through 35 of their Second Set of Requests for Production of Documents to Defendant James Keating. (*See* Dkt. 113-2 (Mot. Compel Ex. 1, Pls.' Requests).) Plaintiffs served these

discovery requests on May 18, 2021, and did not receive a response until October 12, 2021, wherein Defendant Keating responded but failed to object, produced 31 documents, and provided a purported privilege log.  (*See* Dkts. 113-3 & 113-4 (Mot. Compel Ex. 3, Priv. Log).)  In relevant part, the purported privilege log lists bates numbers 1804 through 2394 and 2397 through 2694 as "emails; mediation statements; and invoices" throughout "various dates" by "various" authors/creators and received by "various" recipients.  (Dkt. 113-4.)  The basis for the privilege is "attorney-client work product; attorney-client privalege" [sic].  (*Id.*)  It appears the documents were originally in non-party Nationwide's possession but are now also in Defendant Keating's possession.  The date on which Defendant Keating received the documents is unclear.

Plaintiffs move to compel responsive documents for two main reasons. First, Defendant Keating failed to properly invoke the privilege through his deficient purported privilege log.  Second, Defendant Keating's significant delay waives any privilege that might have otherwise existed.

Defendant Keating argues that Nationwide needs more time to review. Defendant Keating's argument is unavailing.

A.     *Waiver*

Rule 34 of the Federal Rules of Civil Procedure requires that a party respond and object to a request for production within 30 days.  *See* Fed. R. Civ. P. 34(b)(2)(A).  While Rule 34 does not explicitly waive untimely objections, Rule 33— its counterpart governing interrogatories—does.  Because these Discovery Rules work in tandem, courts apply Rule 33's waiver provision to instances in which a

party fails to timely object to <u>document</u> requests.  *See Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 538 (D. Conn. 2006) (explaining courts apply Rule 33's waiver language to Rule 34 and citing cases); *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229 (W.D.N.Y. 1998) ("Courts have held that a failure to respond or object to a [Rule 34] discovery request in a timely manner waives any objection which may have been.")

Take *Horace Mann Insurance Company v. Nationwide Mutual Insurance Company*, for instance.  There, the plaintiff missed its response deadline by 21 days and, when it did respond, it asserted attorney-client privilege and work product objections.  *See Horace Mann*, 238 F.R.D. at 537.  The plaintiff never provided a privilege log.  *See id.* at 538.  The court reasoned "the tardiness itself would be sufficient grounds to deem plaintiff's objections waived" but nonetheless scrutinized the surrounding circumstances.  *Id.*  On the one hand, the court observed the "delay was not egregious" and "a court's decision to consider a claim of attorney client privilege waived should be done only after careful thought."  *Id.*  On the other hand, the plaintiff never produced a privilege log, and the court found its excuse for the delay—i.e., "Horace Mann needed additional time to review its documents to ensure it accurately responses"—unpersuasive.  *Id.*  The court concluded the plaintiff had waived her right to object.

After considering the instant circumstances, the Court finds waiver is warranted here.  <u>First</u>, Defendant Keating's nearly 117-day delay is egregious.  Defendant Keating's deadline to respond was June 17, 2021.  *See* Fed. R. Civ. P. 34(b)(2)(A).  Defendant Keating never sought an extension of time from his

opponent or the Court.  Instead, Defendant Keating let the deadline pass.  In September 2021, Plaintiffs' counsel put defense counsel on notice that its failure to respond to the discovery requests waived all objections.[2]  (Dkt. 113-7 (Mot. Compel Ex. 6, Pls.' Deficiency Ltr.) at 2.)  Defendant Keating still did not respond until over a month later, and when he did, he failed to assert compliant objections.[3]  Defendant Keating's 117-month delay eclipses the Unlike the *Horace Mann* plaintiff's slight 21-month delay five-fold.  Moreover, Defendant Keating never bothered to supplement the meager production for the remaining three months of discovery.  This flagrant disregard of discovery obligations is egregious and inexcusable.  *See, e.g., Land Ocean Logistics*, 181 F.R.D. at 236-37 (waiving Rule 34 objections when the response was more than 60 days past the deadline); *Chinn v. Elmwood Franklin Sch.*, 15-cv-00938-FPG-JJM, 2018 WL 10509568, at*2 (W.D.N.Y. June 21, 2018) (waiving plaintiff's discovery objections after a two-month delay).  The delay alone would be sufficient for waiver.

Second, defense counsel offers no viable explanation for the delay and the failure to seek an extension.  It appears as if defense counsel blames Nationwide for taking a long time to review the documents, but counsel does not provide evidence of whether or when it first attempted to obtain the Nationwide discovery and what led to the hold-up.  Based on both parties' exhibits, the Court concludes that Defendant Keating was in the best position to obtain the documents from

---

[2] In addition to this notice, Plaintiffs' counsel also raised issues of Defendant Keating's non-compliance with Magistrate Judge Farrish's previous discovery order.

[3] While Defendant Keating's purported privilege log claims "attorney-client work product; attorney-client privalege" [sic], the responses themselves contain no formal objections.

Nationwide and should have sought those documents when first requested by Plaintiffs.  Evidence also suggests Defendant Keating may have possessed documents by October 2021.  (*See* 113-8 (Mot. Compel Ex. 7, Counsel E-mail).)  Even if Nationwide was partially responsible for the delay, defense counsel erred by failing to move for a protective order or another discovery remedy.  Instead, Defendant Keating's inaction puts into question whether he had any intention of complying with his deadline obligations at all.  *See Chinn*, 2018 WL 10509568, at*2 ("While courts have substantial discretion in deciding when objections should be waived, in light of plaintiff's flippant attitude toward her discovery obligations, she will not be excused from waiver of any objections which might have been timely asserted.") (internal quotation marks and citations omitted).  This clear violation of the Federal and Local Rules is inexcusable.

To the extent Defendant Keating now seeks more time to accommodate Nationwide's review, his opportunity to obtain an extension has come and gone.  As the court explained in *Horace Mann*, the transgressor cannot simply ask for more time to obtain and review discovery when nothing was done until the deadline passed.  *See Horace Mann*, 238 F.R.D. at 538 ("If plaintiff needed more time to respond to the discovery requests it should have either contacted the defendant to obtain its consent to an extension or, if defendant was unwilling to acquiesce, apply to the court to for an extension of time to reply.").  Defendant Keating cannot enjoy absolution by deflecting to a non-party.

Third, the purported privilege log is deficient.  Rule 26 of the Federal Rules of Civil Procedure explains a privilege log must describe the withheld documents

"in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *See* Fed. R. Civ. P. 26(b)(5)(A). This District Court's Local Rules go even further and outline precisely what information a privilege log must contain:

> (1) The type of document or electronically stored information;
> (2) The general subject matter of the document or electronically stored information;
> (3) The date of the document or electronically stored information;
> (4) The author of the document or electronically stored information; and
> (5) Each recipient of the document or electronically stored information.

D. Conn. L. Civ. R. 26(e). Based on these strict parameters, the purported privilege log's single-row description for nearly 900 pages—i.e., "emails; mediation statements; and invoices" throughout "various dates" by "various" authors/creators and received by "various" recipients—is functionally equivalent to providing no privilege log at all. (*See* Dkt. 113-3, 4.) Like the *Horace Mann* court, this Court takes the attorney-client privilege and work product doctrine seriously. But, under these circumstances, Defendant Keating's untimely purported privilege log is simply too deficient to be excused.

Lastly, Defendant Keating cannot fix his discovery shortcomings simply by producing a purported privilege log that Nationwide created the day before the recently extended discovery deadline. This is too little too late. To the extent Defendant Keating did not possess the documents at any point before February 1, 2022, he could have and should have obtained these documents in Summer 2021.

   B.   *The Withheld Documents Must Be Produced*

Because Defendant Keating has waived his objections, including those purportedly lodged attorney-client privilege and work product doctrine, the Court

10

will not assess the underlying documents.  In any event, Defendant Keating has not asked the Court to conduct an *in camera* review.

IV.   <u>Conclusion</u>

The Court concludes Mr. Keating offered no material fact which would have altered the Court's decision to grant the Motion to Compel. The Court orders the documents Plaintiffs seek, including bates numbers 1804 through 2394 and 2397 through 2694, to be produced on or before March 2, 2022.  The parties are ordered to file a Status Report on or before March 9, 2022, informing the Court whether Defendant Keating's deposition has been concluded and, if not, what would be a reasonable time for Plaintiffs to conduct the deposition (thereby concluding discovery).  The Court will then issue a revised dispositive motion and joint trial memorandum deadline.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Order dated in Hartford, Connecticut on February 23, 2022.